UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

        Plaintiffs,

v

RETAIL FINISHES, INC., d/b/a RETAIL FINISHES
BY SHAWN, d/b/a ALL IN 1 CONSTRUCTION
and SHAWN SPISHAK, an individual,
jointly and severally,

        Defendants.

Case No.
Hon.

_____/

WALTER B. FISHER JR. (P51337)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue
Suite 225
Royal Oak, MI  48067
(248) 837-1397
wfisher@fildewhinks.com

_____/

## COMPLAINT

Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

1.    The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of the Detroit Carpenters Health and Welfare Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the Carpenters Pension

Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, the Michigan Regional Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

    2.    Defendant Retail Finishes, Inc. is a Michigan company doing business in this district and division as Retail Finishes By Shawn and All in 1 Construction.

    3.    Shawn Spishak is an individual doing business in this district and division.

    4.    Shawn Spishak was an owner, officer, and/or individual otherwise involved with a Michigan company known as Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction, a business which engaged in the commercial construction industry.  In such capacity, and upon information and belief, Shawn Spishak was involved in, and took part in, the day-to-day affairs and operations of, and maintained control of Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction.

5. Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

### Count I    ERISA Claim

6. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

7. Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction, either directly or through its authorized agents, has entered into one or more collective bargaining agreements with the Union, copies of which are in the possession of the Defendant and are not attached hereto due to their bulk, but which will be supplied upon request.

8. Pursuant to the collective bargaining agreements Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of Retail Finishes, Inc. who were

either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

9. Plaintiffs became aware that Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction was not making required fringe benefit contributions in violation of ERISA and its collective bargaining agreement with the Union on December 4, 2019.

10. Pursuant to the collective bargaining agreements alleged above, Defendant submitted for audit its books and records to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency for the period January 1, 2013 through July 31, 2018.

11. On December 4, 2019, Plaintiffs determined a deficiency for fringe benefits, in the amount of $109,848.68 for the period January 1, 2013 through July 31, 2018.  See attached Exhibit A.

12. Plaintiffs determined outstanding liquidated damages and interest owing as of December 4, 2019 totaling $83,473.31.  See attached Exhibit A.

13. Payments totaling $30,826.71 have been made against the audit balance.

14. There is now due and owing to Plaintiffs from Defendant the sum of $162,495.28.

15.  Plaintiffs sent the audit letter attached as Exhibit A to the Defendants on December 4, 2019.

16.  Despite demands by Plaintiffs, Defendant has failed, neglected and refused to pay that amount or any portion thereof.

**WHEREFORE**, Plaintiffs pray:

A.  That this Court enter judgment against Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction, for $162,495.28, plus actual costs, double interest and actual attorney fees.

B.  That this Court grant Plaintiffs any other relief that it deems appropriate.

### Count II    Michigan Builders Trust Fund Claim

17.  Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

18.  During the period January 1, 2013 through July 31, 2018, Defendant engaged in the business of commercial construction contracting, among other facets of the construction industry, and as such conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 et seq. (hereinafter the "Trust Fund Act").

19. Shawn Spishak, in connection with the operation of Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction, received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

20. Pursuant to the Trust Fund Act, any such payments received by Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and/or Shawn Spishak were deemed to be held in trust by them, as trustees for the benefit of, among others, the individual employees who furnished labor to, and or on behalf of, Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction

21. The funds that were held in trust by Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and Shawn Spishak, in their capacities under the Trust Fund Act, included the contributions Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction was required to make to the Plaintiffs for the period January 1, 2013 through July 31, 2018.

22. In violation of the Trust Fund Act, Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and Shawn Spishak retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued

for the benefit of the individual carpenters employed by Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction.

23. Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and Shawn Spishak appropriated monies paid to Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction for their own business operations and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs, in violation of Mich. Comp. Laws Ann. 570.151, et seq.

**WHEREFORE**, Plaintiffs request this court order an accounting in connection with payments received by Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction for work performed during the period January 1, 2013, through July 31, 2018; declare Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and Shawn Spishak to be Trustees with respect to funds received during that period; to trace the proceeds of the subject trust funds, and to enter judgment against Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction and Shawn Spishak jointly and severally in the amount of $162,495.28, plus actual costs, interest and actual attorney fees.

**Count III**

## Violation of Employee Retirement Income Security Act (ERISA)
## 29 U.S.C. § 1001 *et. Sec.*

24. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25. Individuals providing labor and employed by, or on behalf of, Retail Finishes, Inc., pursuant to the subject collective bargaining agreement earned outstanding fringe benefit contributions in connection with and in furtherance of their employment. See audit attached as Exhibit A.

26. These accrued fringe benefit contributions were properly payable to the employee benefit plans administered by Plaintiffs when due.

27. The accrued fringe benefit contributions and funds otherwise in the Defendants' possession, custody and/or control which were otherwise available to pay the accrued fringe benefit contributions were to be held in trust by the defendants in their capacity as a fiduciary, as required by ERISA pursuant to 29 U.S.C. § 1145, until the Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their collective bargaining agreement and related trust agreements. Such accrued fringe benefit contributions became assets of the respective employee benefit plans administered by Plaintiffs upon accrual.

28. The Defendants failed to turn over these plans assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due. Rather, upon information and belief, the Defendants utilized the accrued outstanding fringe benefit contributions and funds otherwise within their possession, custody, and/or control for purposes other than payment to Plaintiffs.

29. In failing to turn over such plan assets to Plaintiffs, the Defendants violated 29 U.S.C. § 1145, 1104, and 1109 (a) and their obligations under the collective bargaining agreement and related Trust Agreements incorporated therein.

30. The Defendants' failure to turn over plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds otherwise properly payable to Plaintiffs constitute a breach of their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. § 1104(a)(1)(A) and are violations of 29 U.S.C. § 1145, 1104 and 1109 (a).

31. Individual Shawn Spishak is personally liable to the Funds for breaching his fiduciary duties pursuant to 29 U.S.C. § 1104(a).

**WHEREFORE**, Plaintiffs pray:

A. That this Court enter judgment against Defendant Shawn Spishak for all unpaid fringe benefit contributions owed by Retail Finishes, Inc., d/b/a Retail Finishes By Shawn, d/b/a All In 1 Construction, pursuant to the Funds audit of Retail Finishes, Inc., d/b/a

Retail Finishes By Shawn, d/b/a All In 1 Construction, for the period January 1, 2013, through July 31, 2018 in the amount of $162,495.28 plus actual costs, interest and actual attorney fees.

      B.    That this Court grant Plaintiffs any other relief that it deems appropriate.

Dated:  December 18, 2019                    **FILDEW HINKS, PLLC**

                                               By:    <u>/s/Walter B. Fisher Jr.</u>
                                                      Attorneys for Plaintiffs
                                                      26622 Woodward Avenue
                                                      Suite 225
                                                      Royal Oak, MI 48067
                                                      (248) 837-1397
                                                      wfisher@fildewhinks.com
                                                      P51337

J:\2001\0784\Electronic Pleadings\Complaint 12-18-19\Complaint.wpd